United States District Court
For the Northern District of California

1

2

3

4                    IN THE UNITED STATES DISTRICT COURT

5                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7   BRUCE A. McGREGOR,                ) No. C-08-5001 SC
                                      )
8              Plaintiff,             ) ORDER DENYING DEFENDANTS'
                                      ) 10TH MOTION IN LIMINE TO
9        v.                           ) EXCLUDE ANY REFERENCE TO
                                      ) 46 C.F.R. § 183.430
10  CROSS LINK INC., dba WESTAR       )
    MARINE SERVICES, TAURUS MARINE    )
11  INC. and DOES 1 through 10,       )
    inclusive, in personam, and M/V   )
12  RANGER, and her engines, tackle,  )
    apparel, etc., in rem,            )
13                                    )
               Defendants.            )
14  _____ )

15

16       Defendants Cross Link, Inc. and Taurus Marine, Inc.

17  ("Defendants") bring this Motion in Limine to exclude any evidence

18  or testimony referring to 46 C.F.R. § 183.430, the U.S. Coast

19  Guard's Portable Lights Regulation for Small Passenger Vessels

20  ("Section 183.430" or "the regulation").  Docket No. 87 ("Motion").

21  Plaintiff Bruce A. McGregor ("Plaintiff") filed an Opposition.

22  Docket No. 113 ("Opp'n").[1]  For the following reasons, the Court

23  DENIES this Motion.

24       This action involves an incident that allegedly occurred

25  aboard the RANGER, a motor vessel owned by Defendants.  Docket No.

26  _____

27  [1] On June 18, 2010, Defendants filed a supplementary declaration in
    support of this Motion.  Docket No. 128.  Even though the filing of
28  this declaration violates Civil Local Rule 7-3(d), the Court has
    considered it, and now rejects the arguments contained therein.

**United States District Court**
For the Northern District of California

1  1 ("Compl.") ¶ 2.  Plaintiff claims that he was injured while

2  working as a deckhand aboard the RANGER, and that this injury was

3  at least partly caused by Defendants' failure to provide adequate

4  lighting on the vessel.  Id. ¶¶ 11-12.  The Complaint included a

5  cause of action under the Jones Act, 46 U.S.C. § 30104.  See Compl.

6  Subchapter T of Title 46 of the Code of Federal Regulations

7  collects and codifies U.S. Coast Guard regulations for the

8  inspection and certificate of small passenger vessels.  See 46

9  C.F.R. §§ 175.100, 175.110(a).  Part 183 of this subchapter

10  provides regulations relating to a small passenger vessel's

11  "electrical equipment and systems including power sources,

12  lighting, motors, miscellaneous equipment, and safety systems."

13  46 C.F.R. § 183.100.  Within this part, section 183.430 provides:

> Each vessel must be equipped with at least two
> operable portable battery lights.  One of these
> lights must be located at the operating station
> and the other at the access to the propulsion
> machinery.

17  46 C.F.R. § 183.430.

18  Plaintiff argues that this regulation is relevant, because in

19  a Jones Act case, a defendant's violation of a regulation

20  implemented for the safety of its workers forecloses a finding of

21  comparative fault, allowing a plaintiff to collect the full amount

22  of his damages if he proves the violation was a cause of his

23  injury.  Fuszek v. Royal King Fisheries, Inc., 98 F.3d 514, 517-18

24  (9th Cir. 1996).  Plaintiff intends to prove at trial that

25  Defendants failed to comply with the regulation, and that this

26  failure caused Plaintiff's injury.  Opp'n at 2.

27  Defendants argue that another regulation, 46 C.F.R. §

28

183.130(a) ("section 183.130(a)" or "the exemption"), exempts the
Ranger from the regulation.  Mot. at 2.  Section 183.130(a)
provides:

> A vessel, other than a high speed craft, of not
> more than 19.8 meters (65 feet) in length
> carrying not more than 12 passengers, may
> comply with the following requirements instead
> of complying with the requirements of this part
> in their entirety:
>
> (1) Section 183.420; and
>
> (2) The following American Boat and Yacht
> Council (ABYC) Projects where applicable:
>
> > (i) E-8, "Alternating Current (AC)
> > Electrical Systems on Boats;"
> >
> > (ii) E-9, "Direct Current (DC) Electrical
> > Systems on Boats;" and
> >
> > (iii) A-16, "Electrical Navigation
> > Lights."

46 C.F.R. § 183.130(a).

Defendants argue that because all parties agree that the
RANGER is only 48.2 feet in length, is not a high-speed craft, and
was carrying no passengers the time of the incident, the section
183.130(a) exemption applies, and section 183.430 does not apply.
Mot. at 2-3.

Plaintiff argues that the regulation does apply to the RANGER.
Plaintiff notes that while there were only two people aboard the
RANGER at the time of the incident, it "was a Coast Guard inspected
passenger vessel certified to carry up to 49 passengers and crew,"
citing the RANGER's U.S. Coast Guard Certificate of Inspection,
which Defendant attached as an exhibit to its Motion.  Opp'n at 1-
2; Mot. Ex. 1 ("Cert. of Inspection").  Plaintiff contends:
"Vessels are not permitted to go in and out of regulatory
compliance depending on whether and how many passengers are on

1    board.  Once the vessel is certified . . . it must maintain

2    compliance with all applicable Coast Guard standards."  Opp'n at 2.

3         The Court agrees.  The U.S. Coast Guard certified the RANGER

4    to carry forty-nine passengers and two crew members, see Cert. of

5    Inspection, and thus the boat was capable of carrying more than

6    twelve passengers.  In fact, the Certificate of Inspection required

7    the RANGER to carry life preservers for fifty-two adults.  Id.  A

8    vessel certified to accommodate more than twelve passengers cannot

9    claim to be exempted under section 183.130 from U.S. Coast Guard

10   regulations merely because it is carrying fewer than twelve

11   passengers at a particular time.  The legislative history for the

12   exemption supports this reading: the U.S. Coast Guard's Notice of

13   Proposed Rulemaking for section 183.130 suggests this exemption

14   applies only to vessels with "accommodations for up to 12

15   passengers."  54 Fed. Reg. 4412-01, 4420 (Jan. 30, 1989) (emphasis

16   added).

17        For the above reasons, the Court DENIES Defendants' 10th

18   Motion in Limine to Exclude any Reference to 46 C.F.R. § 183.430.

19   Plaintiffs are not barred from discussing and introducing evidence

20   of 46 C.F.R. § 183.430 at trial.

21

22        IT IS SO ORDERED.

23

24        Dated: June 23, 2010

25                                        UNITED STATES DISTRICT JUDGE

26

27

28